# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JULIE ASHLEY-TAYLOR, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-13-305-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER

Plaintiff Julie Ashley-Taylor (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 8, 1970 and was 41 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant has worked in the past as a billing clerk. Claimant alleges an inability to work beginning October 17, 2008 due to limitations resulting from carpal tunnel syndrome, left knee problems, depression, memory and concentration

difficulties, and panic attacks.

**Procedural History**

On June 8, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 8, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Richard Kallsnick in Tulsa, Oklahoma. By decision dated February 21, 2012, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on May 14, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a billing clerk.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to perform a proper determination at step four and five; (2) failing

to consider the medical and non-medical source evidence; and (3) performing an improper credibility analysis.

### Steps Four and Five Determination

In his decision, the ALJ found Claimant suffered from the severe impairments of maltracking patella of the left knee, degenerative joint disease, depression, and panic disorder with agoraphobia. (Tr. 25). The ALJ determined Claimant retained the RFC to perform sedentary work except that she can only occasionally climb, balance, stoop, kneel, crouch, and crawl. Mentally, Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public and could adapt to a work situation. (Tr. 27).

After consultation with a vocational expert, the ALJ found Claimant could perform her past relevant work as a billing clerk which was classified as a sedentary, semi-skilled job. (Tr. 33). Additionally, the vocational expert identified the representative jobs of addresser, tube operator, and microfilm document preparer as within Claimant's RFC, all of which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 34). The ALJ, therefore, concluded Claimant was not disabled. Id.

Claimant contends the ALJ omitted limitations which he found in his paragraph "B" criteria from the hypothetical questioning of the vocational expert. Specifically, the ALJ found Claimant had a "moderate restriction" in activities of daily living and "moderate difficulties" in social functioning and concentration, persistence, or pace. (Tr. 26). The ALJ, in particular, did not include any restriction for concentration, persistence, or pace in his questioning. (Tr. 54-55).

While the ALJ must consider both severe and non-severe limitations in reaching his RFC determination, the fact he found limitations in the B criteria "does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." Beasley v. Colvin, 2013 WL 1443761, 5 (10th Cir.). Since the hypothetical questioning of the vocational expert must mirror the ALJ's RFC and the ALJ did not find the limitations contained in the B criteria as functional limitations and include them in his RFC, this Court cannot find that the hypothetical questioning was erroneous with regard to the paragraph "B" criteria.

Additionally, Claimant was evaluated by Cynthia Kampschaefer on September 2, 2010. Dr. Kampschaefer completed a Mental RFC Assessment at that time. She concluded Claimant had marked limitations in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed

6

instructions, and the ability to interact appropriately with the general public. (Tr. 417-72).

On December 20, 2010, Claimant was evaluated by Dr. Karen Kendall who also completed a Mental RFC Assessment form. She concluded Claimant was markedly limited in the areas of the ability to carry out detailed instructions and the ability to interact appropriately with the general public. Dr. Kendall also found Claimant was moderately limited in the areas of the ability to work in coordination with or proximity to others without being distracted by them and the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. (Tr. 487-88).

The ALJ did not acknowledge the limitations found by these two consultants. Indeed, the ALJ included a finding in his RFC that Claimant could perform "some more complex tasks" which directly conflicts with the findings by the consultants restricting Claimant with regard to detailed instructions. (Tr. 55). The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors

7

in weighing any medical opinion.  Id.; 20 C.F.R. § 416.927(d)(1)-(6).  The ALJ failed in this analysis with regard to both Dr. Kampschaefer's and Dr. Kendall's opinions on Claimant's functional limitations.  On remand, the ALJ shall weigh and consider these consultative examiners' opinions.

Additionally, a vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert.  Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993).  However, "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'"  Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990).  The ALJ shall include all of the severe and non-severe limitations, including those adopted from the consulting examiners, in his hypothetical questioning of the vocational expert.

Claimant also contends the ALJ should have considered her hand impairments in formulating both the RFC and the hypothetical questions for the vocational expert.  Claimant was diagnosed with cubital tunnel syndrome with nerve compression at the elbow. (Tr. 200, 219, 255-59, 394).  She had positive Tinel's signs and EMG

tests. Claimant demonstrated weak grip strength, painful range of motion, and sensory loss in the hand. (Tr. 288, 343, 708, 772). On remand, the ALJ shall also consider whether the RFC and, consequently, the hypothetical questions posed to the vocational expert adequately incorporated any hand impairments.

The ALJ's step four findings should also be revisited for more detail. Claimant contends that ALJ failed to properly analyze the functional requirements of his past relevant work before finding he could return to that work at step four. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has discussed the ALJ's findings on Claimant's RFC and found it may be deficient.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ's assessment of Claimant's past relevant work was somewhat limited with his cursory reference to the job being sedentary, semi-skilled without analyzing the functioning in the job.

The third and final phase requires an analysis as to whether

the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The ALJ's RFC may be erroneous so his analysis in the third phase will have to be reassessed on remand.

**Evaluation of Medical and Non-Medical Source Evidence**

Claimant generally challenges the weight afforded the various opinion evidence by the ALJ. Given the reconsideration necessary on the RFC assessment, the ALJ shall re-evaluate the opinion evidence to ascertain if he has sufficiently described the basis for the weight which he gave to each opinion. Hamlin v. Barnhart, 365 F.3d 1208, 1223 (10th Cir. 2004).

**Credibility Analysis**

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

Since the ALJ must reconsider the opinion evidence, the ALJ shall also re-evaluate his credibility findings on Claimant's testimony. Should the reconsideration of the other evidence demand an alteration of his findings on credibility, the ALJ shall reassess Claimant's testimony concerning functional limitations.

11

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE